**Paul Faugno, Esq. - 006321985**
**FAUGNO & ASSOCIATES, L.L.C.**
**120 State Street**
**Hackensack, New Jersey 07601**
**Tel (201) 342-1969**
**Fax (201) 342-2010**
**legal@faugnolawfirm.com**
**Attorneys for Plaintiff, Gabriela Vasquez**

| | |
|---|---|
| GABRIELA VASQUEZ, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PATERSON; CITY OF PATERSON POLICE DEPARTMENT; DETECTIVE R. DUFFY; DETECTIVE FORMENTIN; DETECTIVE CALDERON; DETECTIVE HENSZ; DETECTIVE GONZALEZ; POLICE DIRECTOR JERRY SPEZIALE; CHIEF OF POLICE IBRAHIM BAYCORA and JOHN DOES 1-3 (other police officers involved in the arrest of Plaintiff, Gabriela Vasquez), <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> CASE NO.: <br><br> Civil Action <br><br> **COMPLAINT** |

Plaintiff, Gabriela Vasquez, by way of Complaint says:

### STATEMENT OF CLAIMS

1. Plaintiff seeks money damages from defendants for violating her constitutional rights and also brings forward any supplemental claims for violations of New Jersey State Law.

2. Plaintiff was a victim of excessive force and false arrest in violation of her Fourth Amendment to the United States Constitution, and in violation of the New Jersey Constitution and New Jersey State Tort Laws.

## JURISDICTION

3. This Court has jurisdiction over claims of this Complaint pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343, 28 U.S.C. § 2201 and 42 U.S.C. § 1981, 1983 and 1988.

4. The Court has supplemental jurisdiction over the Pendent State Law Claims pursuant to 28 U.S.C. § 1367.

5. <u>This action arises under</u> the United States Constitution as applied to state and local authorities through 42 U.S.C. § 1983.

## VENUE

6. Venue is proper in this district based upon 28 USC § 1391(b) as defendants are residents of this district and the actions and occurrences whic give rise to these claims occurred in this district.

## PARTIES

7. Plaintiff, Gabriela Vasquez, is a Hispanic female whom was 17-years-old at the time of the incident described in this Complaint.

8. Defendants are all, upon information and belief, New Jersey Municipal entities and/or individual members of law enforcement agencies, in an appointed or elected capacity.

9. Defendant, City of Paterson, operates the City of Paterson Police Department, a law enforcement agency, and is a municipality capable of being sued under New Jersey law. The City is the legal entity responsible for the Paterson Police Department.

10. The plaintiff bases all applicable and appropriate claims against the defendants, City of Paterson and the Paterson Police Department on the Doctrine of Respondeat Superior or of vicarious liability, and municipal liability pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

11. Defendant, Paterson Police Department, is an independently operated police department who is also responsible based upon Doctrines of Respondeat Superior or of vicarious liability, and municipal liability pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

12. Defendant, Detective R. Duffy, was, at all times relevant, a police officer with the City of Paterson Police Department, is being sued in his personal, official and individual capacities.

13. Defendant, Detective Formentin, was, at all times relevant, a police officer with the City of Paterson Police Department. He is being sued in his personal, official and individual capacities.

14. Defendant, Detective Hensz, was, at all times relevant, a member of the City of Paterson Police Department. He is being sued in his personal, official and individual capacities.

15. Defendant, Jerry Speziale, was, at all relevant times, Police Director of the City of Paterson Police Department. He is being sued in his personal, official and individual capacity.

16. Defendant, Ibrahim Baycora, at all relevant timeframes was the Chief of Police of the City of Paterson Police Department. He is being sued in his personal, official and individual capacities.

17. Defendant, Detective Calderon, was at all times relevant, a police officer with the City of Paterson Police Department.

859265v1

18. Defendant, Detective Gonzalez, was at all times relevant, a police officer with the City of Paterson Police Department.

19. John Doe 1, 2 and 3 was, at all times relevant, police officers within the City of Paterson Police Department who were involved in the investigation, confrontation and arrest of the plaintiff and or in a supervisory capacity with deliberate indifference to the rights of the plaintiff.

20. All the defendants are law enforcement officers, agents and/or employees were, at all times relevant to the Complaint, working as Paterson Police Officers, acting under the color of state law within the scope and course of their official duties and employment as officers.

## **FACTS**

21. The plaintiff repeats and realleges allegations in paragraphs 1 through 18 of the Complaint as if set forth at length herein.

22. On or about November 29, 2019, the plaintiff was a passenger in a motor vehicle parked in a legal position within the City of Paterson.

23. At such time, multiple officers, including all the defendants, R. Duffy, Formentin, Calderon. Forementin Gonzolez and Hensz, unnecessarily approached the car under the pretext that vehicle was in a suspicious area.

24. At such time, defendant, Duffy, approached passenger, plaintiff Vasquez, who was 17-years-old at the time and very aggressively began to interrogate her regarding her actions.  This was not justified as she was simply sitting in a parked vehicle.  As the defendant, Duffy, became more aggressive in his interrogation, he demanded that she exit the vehicle. Being in a frightened state given her age and the fact that the vehicles were unmarked and some of the defendants were not in uniform, she became frightened and began to retreat into the

4

interior of the vehicle.  At such time, the defendant, Duffy, sought to aggressively grab her by her legs to pull her from the vehicle at which time she became increasingly more fearful as to what was going to occur.  At this point in time, defendant, Duffy, with the assistance of defendant, Hensz, continued to attempt to pull her from the vehicle at the same time Duffy was punching the 17-year-old plaintiff with closed fists, and defendant Hensz was hitting her with open hands.

25. Thereafter, as a pretext to shield the defendants from their unconstitutional excessive force, the plaintiff was placed under arrest for alleged aggravated assault against Detective Duffy, and obstruction of administration of law.  These charges were purely pretextual to cover-up the unconstitutional and wrongful actions of the defendants.

26. The plaintiff suffered severe physical and emotional injuries as a consequence of this event.

## COUNT I
### (42 U.S.C. § 1983)
### Fourth Amendment
### Excessive Force by Defendants, Duffy and Hensz

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 as if set forth at length herein.

28. Plaintiff makes claims under 14 U.S.C. § 1983 for violation of her Fourth Amendment Rights under the United States Constitution.

29. The Fourth Amendment does not permit defendants to use excessive force.  "The right to be free from excessive force under the context of an arrest is clearly established under the Fourth Amendment."  Small v. McCrystal, 708 F.3rd 1997, 1005.

30. "The issue of excessive force claims of pre-trial detainees is reviewed under an objective reasonable standard."  Ryan v. Armstrong, 850 F.3rd 419, 427.

859265v1

31. Circumstances relevant to the reasonableness of the officers' conduct include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers and whether he was actively resisting arrest or attempting to evade arrest by flight. Brown v. City of Golden Valley, 574 F.3rd 491, 496.

32. The individual defendants herein use of force against the plaintiff was not reasonable under the circumstances, and was excessive.

33. As a direct and proximate result of the actions of defendants, plaintiff has suffered severe emotional and physical injuries, which she will continue to suffer into the future.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, consequential damages, attorneys' fees, punitive damages, interest and any other relief the Court deems just and appropriate.

## COUNT II
## 42 U.S.C. § 1983
**City of Paterson, City of Paterson Police Department, Police Director Jerry Speziale and Chief of Police Ibramim Baycora**

34. The plaintiff repeats and realleges the allegations contained in this paragraph as if set forth at length herein.

35. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of her rights protected under the Constitution. Monell, 436 U.S.C. at 694-95.

36. Municipal liability exists when the city fails to properly train, supervise and discipline its employees amounting in a deliberate indifference to one's constitutional rights.

37. At all times relevant, defendant, City of Paterson, defendant, Jerry Speziale, defendant, Ibrahim Baycora Chief of Police, and the City of Paterson Police Department had a duty to properly train, supervise and discipline their employees and agents.

38. Defendants breached that duty in part by improperly training, authorizing or directing officers on proper use of force, failing to investigate allegations of excessive force, failing to discipline officers for violation of policy related to excessive force.

39. The policy, <u>pattern of</u> practice, or custom of condomed misconduct is <u>tacitly</u> or overtly sanctioned, as is evidenced by the conduct of defendants, Duffy, Formentin, Calderon and Hensz, and the defendant entities' failure to train, supervise, investigate and discipline any of the officers involved in this incident constitute a deliberate indifference to the plaintiff's Constitutional Rights.

40. The unconstitutional behavior of the officers carried out pursuant to a policy, pattern or practice, or custom, whether formal or informal, violates the Constitutional Rights of persons situated such as the plaintiff.

41. Defendants, City of Paterson, City of Paterson Police Department, Director of Police Jerry Speziale, Chief of Police Ibrahim Baycora, failed to take sufficient remedial actions to end this policy, pattern or practice are custom in the City of Paterson Police Department.

42. The condoning of misconduct, the failure to end this policy, pattern or practice or custom was the proximate cause of the injuries suffered by the plaintiff.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, consequential damages, attorneys' fees, punitive damages, interest and any other relief the Court deems just and appropriate.

859265v1

## COUNT III
### 42 USC § 1983
### Fourth Amendment – Duty to Intervene

43. All the defendants Detective Gonzalez, Hensz and Formentin and not actively engaged in the use of excessive force and a duty to intervene and protect the plaintiff but failed to do so in violation of Putman v. Gerloff, 13 F.2nd 415.

44. The failure to intervene was a direct and proximate cause of plaintiff's injuries.

**WHERFORE**, plaintiff demands judgment against defendants for compensatory damages, consequential damages, punitive damages, attorneys' fees, cost of suit and any other relief the Court deems just and appropriate.

## COUNT IV

45. The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 44 as if set forth at length herein.

46. The conduct of the defendants proximately caused a deprivation of plaintiff's rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, and Article 1, paragraph 1, of the New Jersey Constitution and New Jersey state law specifically N.J.S.A. 10:6-2c.

47. Specifically, as set forth in prior paragraphs, defendants deprived plaintiff of her constitutional right of enjoying her life and liberty of acquiring, possessing, protecting property and of pursuing obtaining safety and happiness.

48. At all times relevant herein, defendants were acting under the color of law and under the authority of the County of Passaic. The violations against the plaintiff's rights including but were not limited to the defendants' un justified assault upon the plaintiff, the failure

of other defendant officers to intervene, and the otherwise use of excessive and unnecessary force all resulting in damages and injuries to the plaintiff.

**WHERFORE**, plaintiff demands judgment against defendants for compensatory damages, consequential damages, punitive damages, attorneys' fees, cost of suit and any other relief the Court deems just and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter Judgment in her favor against defendants on all counts, awarding compensatory and punitive damages, and also awarding court costs, attorney's fees, and any other relief that the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims.

        **Faugno & Associates, L.L.C.**
        Attorneys for Plaintiff,
        Gabriela Vasquez

Dated:  October 26, 2021        By: /s/ Paul Faugno
                                                                 Paul Faugno, Esq.